IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J.N.C.M.,[1]

    Plaintiff,

v.

FRANK BISIGNANO, Commissioner
of the Social Security Administration,

    Defendant.

Case No. 25-1065-DDC

## MEMORANDUM AND ORDER

    Before the court is plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 4), docketed April 15, 2025.  Plaintiff's Complaint alleges that defendant, Commissioner of the Social Security Administration, failed to identify substantial evidence supporting defendant's finding that plaintiff isn't disabled.  Doc. 1 at 2 (Compl. ¶ 11).  And it alleges that defendant's no-disability finding is contrary to Tenth Circuit case law.  *Id.*  Plaintiff's motion includes an Affidavit of Financial Status supporting her request to proceed without prepayment of fees.  Doc. 4 at 2–7.  For the reasons explained below, the court denies plaintiff's application.

    Title 28 U.S.C. § 1915(a)(1) authorizes the court to permit a plaintiff to commence an action without prepayment of fees—*i.e.*, to proceed *in forma pauperis* (IFP)—if certain conditions are satisfied.  Namely, it requires that plaintiff demonstrate an inability to afford the costs of litigation.  § 1915(a)(1).  The court has "wide discretion" to grant or deny motions to proceed IFP.  *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006) (quotation

---

[1]     The court makes all of its Memoranda and Orders available online.  Therefore, as part of the court's efforts to preserve the privacy interests of Social Security claimants, it captions these opinions using only the plaintiff's initials.

cleaned up). And the court should adopt a "liberal policy" that permits proceeding IFP "when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay." *Watley ex rel. A.E.R.V.W. v. Saul*, No. 20-1019-KHV, 2020 WL 1689679, at *1 (D. Kan. Apr. 7, 2020). But the court may not rule such requests arbitrarily or erroneously. *Garcia*, 164 F. App'x at 786 n.1. Proceeding IFP "in a civil case is a privilege, not a right[.]" *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).

To "succeed on a motion to proceed IFP," a movant "must show a financial inability to pay the required filing fees[.]" *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). When one's "monthly income exceeds [her] monthly expenses by a few hundred dollars[,]" then she has "sufficient income to pay the filing fees[.]" *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002). The court considers "the total monetary resources available to assist [p]laintiff," so "it is appropriate to consider a spouse's income" as well. *Protheroe v. Masarik*, No. 18-cv-2128-JAR-TJJ, 2018 WL 3213322, at *1 (D. Kan. Apr. 12, 2018) (quotation cleaned up), *report and recommendation adopted*, 2018 WL 2113235 (D. Kan. May 8, 2018). But income isn't the whole story. *See id.* (considering plaintiff's income, spouse's income, vehicle ownership, and home ownership in recommending denial of IFP status). Because § 1915(a) requires the applicant to provide a statement of *all* assets, "the statute implies that the court is to determine the applicant's ability to pay based on the applicant's assets, not merely his or her income." *Scherer v. Kansas*, No. 06-2446-JWL, 2006 WL 3147731, at *2 (D. Kan. Nov. 1, 2006). "Indeed, federal courts have historically looked to assets such as equity in real estate and automobiles in determining eligibility for IFP status." *Id.* (collecting cases).

Exercising its discretion, the court finds that plaintiff hasn't made the requisite showing

to succeed on her IFP motion. The motion asserts that plaintiff is "without means to pay the fees, costs or security to file an action" due to her financial status. Doc. 4 at 1. And the attached affidavit testifies that plaintiff is currently unemployed and has one dependent. *Id.* at 3. But plaintiff is married, and her spouse's monthly income exceeds $5,000. *Id.* at 2, 4. Plaintiff also owns a home—valued at $425,000—and has $134,000 equity in the home. *Id.* at 4. And plaintiff and her spouse own two cars—one of which is free and clear of any debt. *Id.* at 5. Although her reported monthly income exceeds her reported expenses by less than $100, income alone isn't dispositive. *See Scherer*, 2006 WL 3147731, at *2. In light of plaintiff's equity in her home, her automobiles and her spouse's income, the court concludes plaintiff "does not approach the level of poverty that would make [her] eligible to proceed IFP." *Andrews v. Sheflin*, No. 20-CV-00667-JNP, 2020 WL 7647023, at *1 (D. Utah Nov. 9, 2020), *report and recommendation adopted in part sub nom. Andrews v. Sheflin-Andrews*, 2020 WL 7643215 (D. Utah Dec. 23, 2020).

But, given the narrow margin plaintiff's affidavit indicates between her monthly income and expenses, the court will allow plaintiff to pay the filing fee in installments. The current filing fee in civil cases is $405. *See Gilberti v. Buffet*, No. CIV-25-176-D, 2025 WL 1021494, at *1, *1 n.1 (W.D. Okla. Mar. 12, 2025) (explaining source of $405 filing fee), *report and recommendation adopted*, 2025 WL 1018756 (W.D. Okla. Apr. 4, 2025). Plaintiff may pay the filing fee she owes in seven monthly payments of $50 and an eighth payment of $55.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 4) is denied. The court permits plaintiff to pay the filing fee in seven monthly installments of $50 and one final installment of $55.

**IT IS SO ORDERED.**

**Dated this 20th day of May, 2025, at Kansas City, Kansas.**

                                                  **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**